

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **FIDELITY AND GUARANTY INSURANCE COMPANY,** ) | |
| ) | |
| PLAINTIFF, | |
| ) | |
| VS. | 2:06-cv-2256-JHH |
| ) | |
| **IMPACT FAMILY COUNSELING, et al.,** ) | |
| ) | |
| DEFENDANT. ) | |

## MEMORANDUM OF DECISION

The court has before it the motion (doc. # 23) of defendant Myrtle Davis, as Administratix of the Estate of Makayia Davis, to dismiss or in the alternative for a more definite statement.  Upon review of that motion (doc. # 23), the court entered an Order (doc. # 24) notifying the parties of its intent to dismiss the action as an improper exercise of the court's equitable powers unless the parties showed cause by December 18, 2006 why the court should not do so.  Plaintiff Fidelity and Guaranty Insurance Company ("Fidelity") filed a response (doc. #28) to the court's order (doc. #24) on December 18, 2006.  For the reasons outlined below, the court finds that the pending motion (doc. # 23) is due to be granted.

This is an action for declaratory judgment. Plaintiff has asked this court to determine whether it has a duty to indemnify Impact Family Counseling ("Impact") in the event that judgment is rendered against Impact in the underlying state court action styled <u>Monica Mays, Individually and as next best friend and mother having legal custody of the now deceased minor child, Makayia Davis, et al. v. Impact Family Counseling, et al.</u>, pending in the Circuit Court of Jefferson County, Alabama, Birmingham Division, Civil Action No. CV-06-5140.[1] (<u>See</u> Doc. #1 at ¶ 11.) Plaintiff has not challenged the duty to defend in this case (<u>see</u> doc. # 1; <u>see</u> also doc. # 28 at 2-3), and Plaintiff has taken up the defense of Impact in the underlying state court actions. Accordingly, the only issue before the court is whether Plaintiff has a duty to indemnify Impact.

This court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies." U.S. Const. art. III, § 2. This requirement applies equally to cases asserted under the Declaratory Judgment Act. <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240-41 (1937) (finding that the Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision,

---

[1] The matter pending in the Circuit Court of Jefferson County, Alabama, Birmingham Division, is the consolidation of Civil Action No. CV-05-1144, Circuit Court of Jefferson County, Alabama, Bessemer Division ("the Mays lawsuit") and Civil Action No. CV-05-1497, Circuit Court of Jefferson County, Alabama, Bessemer Division ("the Davis lawsuit"). As noted in the December 18, 2006 order (doc. #24), the court files for the Mays and Davis lawsuits have been sealed by order of the Jefferson County Circuit Court, Bessemer Division. (<u>See</u> Doc. #1 at ¶ 18, n. 1.)

[and thus] is operative only in respect to controversies which are such in the constitutional sense").  Moreover, courts have great discretion in the exercise of jurisdiction under the Declaratory Judgment Act.  The Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration," 28 U.S.C.A. § 2201 (emphasis added), and therefore it is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Public Serv. Commission v. Wycoff Co., 344 U.S. 237, 241 (1952).  Moreover, federalism, comity, and efficiency require district courts to balance federal and state interests in determining how to exercise their discretion to hear a declaratory judgment action when confronted with a parallel state action. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).

Against this backdrop, this court must determine whether it is appropriate to assert jurisdiction under the Declaratory Judgment Act over Plaintiff's duty to indemnify claims in this case.  The court agrees with the Middle District of Alabama's finding that "a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." Guaranty Nat. Ins. Co. v. Beeline Stores, Inc., 945

F.Supp. 1510, 1514 (M.D. Ala.,1996) (citing <u>Ladner & Co., Inc. v. Southern Guaranty Ins. Co.</u>, 347 So.2d 100, 104 (Ala.1977)).  Moreover, the court notes that Impact could prevail in the state court lawsuits underlying this case, which would render moot the issue of the duty to indemnify and result in a waste of the judicial resources expended on this case.

Accordingly, this court determines that the issue of indemnification – the only issue in this case – is not sufficiently ripe to present a "case" or "controversy" and, therefore, Plaintiff's claims in the pending lawsuit are not ripe for adjudication.

Alternatively, and in any event, the court declines to exercise its discretion under the Declaratory Judgment Act to resolve this matter.  Regardless of whether <u>Ameritas</u> is on all fours with this case, its principles clearly resonate herein.  Enabling this court to decide plaintiff's petition for declaratory judgment would require this court to gain intimate familiarity with Civil Action No. 06-5140, currently pending, *under seal*, in the Circuit Court of Jefferson County, Alabama, Birmingham Division.[2]  Such familiarity with the state court case would necessarily create friction between the courts on an issue for which the state court

---

[2] Or, would require this court to stay all proceedings in this case until the resolution of Civil Action No. 06-5140.

is better equipped to evaluate and determine the underlying factual and legal issues.

Therefore, this case will be dismissed in its entirety, without prejudice.

**DONE** this the ___4th___ day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE